UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| CENTURY 21 REAL ESTATE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-38 JD |
| | ) | |
| DESTINY REAL ESTATE PROPERTIES, | ) | |
| and DANIEL SUTTON, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Now before the Court is Plaintiff's Motion for Default Judgment [DE 8] and Motion for Permanent Injunction and Renewed Motion for Default Judgment [DE 11]. Plaintiff filed its complaint on July 6, 2011 [DE 1]. Summons were issued on July 6, served on both Defendants on July 13, and returned executed on July 26 [DE 2–5]. Under Federal Rule of Civil Procedure 12(a)(1)(A)(I), Defendants had until August 3 to answer the complaint. Plaintiff filed its motion for default judgment on August 26.

Fed. R. Civ. P. 55 governs the entry of defaults and default judgments. Prior to obtaining a default judgment under Rule 55(b), there must be an entry of default as provided by Rule 55(a). *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). Rule (a) states:

> **a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Although Rule 55(a) refers to entry of default by the clerk, it is well-established that a default may also be entered by the court. *Breuer Elec. Mfg. Co. v. Toronado Sys.*

*of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982); *Wolf Lake*, 433 F.Supp.2d at 941. Having determined that this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, and that Defendants have not responded to the complaint as required by Fed. R. Civ. Pro. 12(a)(1), the Court enters default against these Defendants for failure to plead or otherwise defend.

Accordingly, the Clerk is directed to ENTER DEFAULT against Defendants Destiny Real Estate Properties LLC and Daniel Sutton, pursuant to Rule 55(a). The Court cannot yet, however, grant default judgment on the record before it. Specifically, the Court notes that the exhibits referenced in the affidavit submitted with the original motion for default judgment have not been filed with the Court. Therefore, Plaintiff is directed to file this information with the Court along with any necessary updates to the calculation of damages it provided in it original motion.

SO ORDERED.

ENTERED:  November 8, 2011 

/s/ JON E. DEGUILIO
Judge
United States District Court